UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
OCT 28 2010
CLERK, US DISTRICT COURT
NORFOLK, VA

UNITED STATES OF AMERICA,

v.  Criminal Action No. 4:09cr81

JOSEPH LAMONT WILLIAMS,

and

RAY MORGAN FEARRINGTON,

Defendants.

## MEMORANDUM OPINION

This matter is before the court on various pre-trial motions filed by defendants Joseph Lamont Williams ("J. Williams") and Ray Morgan Fearrington ("Fearrington"). Defendants J. Williams and Fearrington each filed a motion to continue and a motion to sever. Additionally, J. Williams filed a motion to dismiss and a motion for leave to file additional motions. The court, having received from the government written responses to the various motions, conducted a hearing on all pending motions. At the hearing, the moving defendants and all other defendants remaining in this case were present, with counsel. As stated on the record at the hearing, after considering the written and oral arguments, the court **GRANTS** the two motions to continue, **DENIES** J. Williams' motion to dismiss, and **DENIES** the two motions to sever. The motion for leave to file additional motions was **WITHDRAWN** at the hearing.

### I. J. Williams' and Fearrington's Motions to Continue

J. Williams' and Fearrington's motions to continue were not joined in by the government,

however, they were not formally opposed by the government. As acknowledged by counsel at the hearing on this matter, and as previously found by this court, this multi-defendant case is "complex." Not only is discovery voluminous, but as of the date of the hearing on the pending motions, some discovery materials had only recently been provided by the government and other discovery materials had yet to be provided. Furthermore, counsel for both J. Williams and Fearrington were only recently appointed in this matter and the trial date was already scheduled when such attorneys became involved in this case. Counsel for both J. Williams and Fearrington further represented to the court that they are unable to be fully prepared by the upcoming trial date and that a continuance is necessary for effective preparation.[1]

At the hearing on this matter, the court individually inquired of each defense attorney, each defendant, and the government, and ultimately determined that a continuance was not objected to by any party. Accordingly, the court concludes that the ends of justice served by the granting of a continuance outweigh the best interests of the public and the defendants in a speedy trial. Specifically, a continuance is warranted both based on the complex nature of the case and because denying the defendants' motions for a continuance would unreasonably deny defense counsel the time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(A)-(B).

## II. J. Williams' Motion to Dismiss

Defendant J. Williams argues that several "overt acts" charged in Count 1 of the Indictment, as well as substantive acts charged in Counts 9, 10, and 12, all involve conduct that occurred while he was incarcerated. Accordingly, J. Williams argues that such counts should be

---

[1] For example, additional time is necessary as a request for funds to hire a defense investigator was only recently approved by the court. Such investigator requires sufficient time to locate and interview potential witnesses.

dismissed. The government opposes such motion, arguing that it is aware of J. Williams' period of incarceration but that such fact does not conclusively prove that J. Williams could not have participated in the charged conduct. The government indicates that it expects to introduce evidence showing that J. Williams' participation in the charged conspiracy continued during his term of incarceration, noting that some of the challenged overt acts involve the use of J. Williams' jail "canteen account" in order to help facilitate the charged crimes.

Neither J. Williams' nor the government's briefs cite to any case law in support of their position on the motion to dismiss. The Fourth Circuit has stated that "[t]o pass constitutional muster, an indictment must (1) indicate the elements of the offense and fairly inform the defendant of the exact charges and (2) enable the defendant to plead double jeopardy in subsequent prosecutions for the same offense." United States v. Williams, 152 F.3d 294, 299 (4th Cir. 1998). Both the United States Supreme Court and the Fourth Circuit have held that a court "may not 'look behind' grand jury indictments if 'returned by a legally constituted and unbiased grand jury.'" United States v. Mills, 995 F.2d 480, 487 (4th Cir. 1993) (quoting Costello v. United States, 350 U.S. 359, 363 (1956)). Tellingly, the Court in Costello " was urged, but declined to hold, that defendants may 'challenge indictments on the ground that they are not supported by adequate or competent evidence.'" Id. (quoting Costello, 350 U.S. at 364).

Here, defendant J. Williams fails to assert a legal justification in support of the dismissal of any of the charges in the Indictment. Rather, he essentially argues that because he was incarcerated during certain time periods alleged in the Indictment, the claims against him "'are not supported by adequate or competent evidence.'" Id. (quoting Costello, 350 U.S. at 364). In asserting such claim, J. Williams has merely highlighted a defense, similar to an alibi, and such

potential defense is legally insufficient to justify dismissal of portions of the Indictment. At trial, J. Williams will have the opportunity to rely on the fact that he was physically confined in an effort to prove his innocence as to some, or all, of the crimes charged.

### III. Defendants J. Williams' and Fearrington's Motions to Sever

#### A. Standard for Joinder and Severance

Rule 8 of the Federal Rules of Criminal Procedure provides for the joinder of charges and joinder of defendants, stating:

> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
>
> (b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8. The Fourth Circuit "ha[s] interpreted the latter two prongs of [Rule 8(a)] flexibly, requiring [only] that the joined offenses have a 'logical relationship' to one another." United State v. Cardwell, 433 F.3d 378, 385 (4th Cir. 2005). Indeed, "Rule 8(a) permits very broad joinder because of the efficiency in trying the defendant on related counts in the same trial." Id. (citations omitted). Similarly, the text of Rule 8(b) permits joining defendants that allegedly participated in the "same series of acts or transactions" and further notes that "[a]ll defendants need not be charged in each count" in order for joinder to be proper under Rule 8(b). Fed. R. Crim. P. 8(b). As discussed below, it is plain to the court that illegal activities performed by members of street gangs in furtherance of such gang have a "logical relationship" to each

4

other and in this case form a "series of [alleged] acts or transactions" sufficient to warrant joinder of charges and defendants under Rule 8. Fed. R. Crim. P. 8.

Rule 14(a) of the Federal Rules of Criminal Procedures recognizes that even when joinder is proper under Rule 8, severance may be necessary if it appears that joinder will result in prejudice to the parties. Rule 14(a) states: "If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

The Supreme Court has recognized that when defendants are properly joined for trial, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise <u>a specific trial right</u> of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." <u>Zafiro v. United States</u>, 506 U.S. 534, 539 (1993) (emphasis added). It is well-established in the Fourth Circuit that "'[g]enerally, individuals indicted together should be tried together,' and 'a defendant is not entitled to severance merely because separate trials would more likely result in acquittal, or because evidence against one defendant is not as strong as that against the other.'" <u>United States v. Khan</u>, 461 F.3d 477, 490-91 (4th Cir. 2006) (quoting <u>United States v. Strickland</u>, 245 F.3d 368, 384 (4th Cir. 2001)). Furthermore, the Fourth Circuit has held that the presumption of a joint trial for those indicted together "is especially strong in conspiracy cases." <u>United States v. Harris</u>, 498 F.3d 278, 291 (4th Cir. 2007).

The party seeking severance under Rule 14 "bears the burden of demonstrating 'a strong showing of prejudice . . . .'" <u>United States v. Branch</u>, 537 F.3d 328, 341 (4th Cir. 2008) (quoting

5

United States v. Goldman, 750 F.2d 1221, 1225 (4th Cir. 1984)). Such burden requires a moving defendant to show that a joint trial will result in "actual prejudice" to such defendant. United States v. Reavis, 48 F.3d 763, 767 (4th Cir. 1995). "'The mere presence of hostility among defendants . . . or the desire of one to exculpate himself by inculpating another are insufficient grounds to require separate trials.'" United States v. Lighty, 616 F.3d 321, 348 (4th Cir. 2010) (quoting United States v. Spitler, 800 F.2d 1267, 1271 (4th Cir. 1986)). Rather, severance is only necessary where there is "such a stark contrast presented by the defendants that the jury is presented with the proposition that to believe the core of one defense it must disbelieve the core of the other." United States v. Najjar, 300 F.3d 466, 474 (4th Cir. 2002). When the potential for prejudice is raised by a defendant seeking a separate trial, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." Zafiro, 506 U.S. at 539.

### B. Analysis – J. Williams' Motion to Sever

Defendant J. Williams is charged with eight counts in the indictment: Conspiracy, Access Device Fraud, Aggravated Identity Theft, Robbery, Possession of a Firearm in Furtherance of Robbery, and Distribution of Cocaine Base. As noted above, J. Williams seeks to have many of such charges dismissed based on the timing of his incarceration. He further argues that even if such counts are not dismissed, the counts alleged against J. Williams must be separated into three separate trials as they relate to three different subject matters. Specifically, J. Williams argues that Counts 19 and 20 (Robbery and Firearm in Furtherance) must be severed from Counts 1, 9, 10, and 13 (Conspiracy and Fraud and Identity Theft Counts) and that each group of counts must be further severed from Count 22 (Drug Trafficking).

As argued by the government, it does not appear that J. Williams has established that the

charges or defendants were improperly joined in this case. Count 1, the conspiracy count, alleges that J. Williams and several other individuals participated in a gang known as the Ivy Street Gangstas ("ISG") and that gang members engaged in various types of criminal activities in support of the gang. The Indictment further alleges that the proceeds of such crimes were shared among gang members. The crimes alleged in the conspiracy count included robberies, drug distribution, and check and credit-card fraud. Based on such allegations, joinder of such logically related gang activities under Rule 8 appears proper. Tellingly, although J. Williams argues that the robbery and drug distribution counts are "unrelated in any way" to the remaining counts in the Indictment, not only are such crimes plainly related to the conspiracy count, but J. Williams is alleged to have <u>jointly committed such crimes</u> with another ISG gang-member/co-conspirator. Defendant J. Williams offers little in his motion to rebut these apparent links in the indictment.

In the alternative, assuming that Rule 8 joinder is proper, J. Williams offers two Rule 14 arguments. First, he asserts that certain defenses will be antagonistic. Second, he claims that the jury will likely improperly use evidence related to the financial crimes charged in the Indictment against him when they are considering the robbery and drug charges.

J. Williams' Rule 14 claims are simply conclusory statements that fail to demonstrate that J. Williams will suffer "actual prejudice" in this case. <u>Reavis</u>, 48 F.3d at 767. First, J. Williams merely offers the bald assertion that defenses will be antagonistic, and fails to explain why, in this case, there will be "such a stark contrast presented by the defendants that the jury is presented with the proposition that to believe the core of one defense it must disbelieve the core of the other." <u>Najjar</u>, 300 F.3d at 474. Second, J. Williams fails to explain why the jury would

be unable to compartmentalize evidence in this case regarding separate counts and separate defendants. Based on the information in the Indictment and the arguments at the hearing on this matter, J. Williams has not established a significant likelihood that a jury would convict him of serious drug distribution charges based on the fact that he, and other defendants, are charged with identity theft and other financial crimes. The court therefore concludes that a joint trial is appropriate in this matter and that the less drastic measure of using limiting instructions to cure the risk of prejudice is appropriate. Zafiro, 506 U.S. at 539.

### C. Analysis – Fearrington's Motion to Sever

The analysis set forth above similarly applies to Fearrington's motion to sever. Based on the allegations in the Indictment, Fearrington appears to have had a somewhat lessor role in the overall conspiracy than J. Williams as Fearrington is not charged with any substantive financial crimes. Specifically, in addition to the conspiracy charged in Count 1, Fearrington is charged with Counts 23-26, which include multiple counts of cocaine-base distribution and one count of possessing a firearm in furtherance of a drug trafficking crime. Although Fearrington is not charged with financial crimes, Count 1 of the indictment expressly alleges that drug distribution, robberies, and carrying firearms in furtherance of drug distribution and robberies were part of the conspiracy to obtain money and property to support the ISG gang. Furthermore, Count 1, Overt Act 24, alleges that in or about November or December of 2008, Fearrington distributed cocaine base from the back of a taxi-cab that was <u>driven by co-conspirator Z. Williams</u> (J. Williams' wife). (Indictment at 11.)

Fearrington's motion argues that the financial crimes evidence should not be admissible against Fearrington because "he was not associated with co-defendants during th[e] time" that the

financial crimes were occurring. Fearrington claims that the financial crime scheme occurred between June of 2008 and July of 2009, but he does not clarify when he claims to have been "associated" with the other named gang members. As noted above, Overt Act 24 alleges that Fearrington sold crack from the back of co-defendant Z. Williams' taxi cab <u>around November or December of 2008</u>, which falls squarely within the time-frame of the financial crimes scheme. Similarly, Count 23, a substantive crack distribution count, charges drug distribution in November or December of 2008, and may involve the same conduct (although Z. Williams is not named in the substantive count). As it is alleged that Fearrington was distributing drugs with the aid of a co-conspirator gang member during the same time period that the financial crimes were occurring and because such drug crimes were purportedly committed in furtherance of the ISG gang as part of the conspiracy charged in Count 1, Rule 8 joinder is proper.

Fearrington, like J. Williams, also fails to establish that Rule 14 severance is warranted in this case. Fearrington's argument for severance can be reduced to the claim that a joint trial is unfair because Fearrington was not involved in the gang's "financial crimes" arm. However, the fact that Fearrington is not charged with these specific crimes is insufficient to warrant severance. As is well-established, "a defendant is not entitled to severance merely because separate trials would more likely result in acquittal, or because evidence against one defendant is not as strong as that against the other." <u>Khan</u>, 461 F.3d at 490-91. Rather, to warrant severance, the defendant must show that "there is a serious risk that a joint trial would compromise a <u>specific trial right</u> of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." <u>Zafiro</u>, 506 U.S. at 539 (emphasis added). Here, Fearrington has merely presented the conclusory assertion that the jury will improperly cumulate evidence against

him and he therefore fails to make a strong showing that any particular trial right will be compromised by a joint trial. See United States v. Toliver, Nos. 08-5204, 08-5217, 2010 WL 2749599, at *5 (4th Cir. July 13, 2010) (unpublished) (rejecting the moving defendant's claim that he was prejudiced by a joint trial with fellow gang members because the allegations against the other defendants, including a murder charge that the moving defendant was not charged with, "'spilled over' in the minds of the jury considering his guilt and influenced their verdict"). As Fearrington fails to explain why the facts of this case will prevent a jury from being able to compartmentalize the charges and evidence, his motion to sever is without merit. Accordingly, a joint trial is appropriate in this matter and the less drastic measure of using limiting instructions to cure the risk of prejudice is appropriate. Zafiro, 506 U.S. at 539.[2]

### IV. Defendant J. Williams' Motion for Leave to File Additional Motions

Defendant J. Williams' motion for leave to file additional motions was predicated upon the impending motions cut-off date that was tied to the previously scheduled trial date. However, as noted above, the court has granted the defendants' motions for a continuance and the trial on this matter has therefore been postponed. Accordingly, the motion for leave to file additional motions was withdrawn at the hearing on this matter as the court indicated its willingness to consider additional pre-trial motions should they become necessary.

### V. Conclusion

As set forth above, defendants J. Williams' and Fearrington's motions to continue are

---

[2] The government concedes that Count 25 alleges that Fearrington continued to distribute narcotics after the majority of the gang members/co-conspirators were arrested. However, because Fearrington is charged with three other drug distribution counts that occurred earlier in time, the government appears correct that joinder of another instance of an identical charge has little, if any, potential to result in prejudice to Fearrington.

10

**GRANTED**. Defendant J. Williams' motion to dismiss is **DENIED**, and J. Williams' and Fearrington's motions seeking severance are likewise **DENIED**. Defendant J. Williams' motion for leave to file additional motions is **WITHDRAWN** based on the continuance of the trial date and the court's indication that appropriate motions filed sufficiently in advance of trial will be considered by the court.

The Clerk is **REQUESTED** to forward a copy of this Memorandum Opinion to the appropriate defense counsel and to the Assistant United States Attorney.

**IT IS SO ORDERED.**

/s/

Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
October 28, 2010